# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY JANICE ESKEN )
) No. 17-1672
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

## OPINION AND ORDER

### SYNOPSIS

Plaintiff filed an application for social security disability benefits, alleging physical impairments including asthma, fibromyalgia, and degenerative arthritis of the knees. Her application was denied initially, and upon hearing by an administrative law judge ("ALJ"). The Appeals Council denied her request for review. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

#### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

1

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). Substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." Consolo v. Fed. Maritime Comm'n, 383 U.S. 607, 620, 86 S. Ct. 1018, 16 L. Ed. 2d 131 (1966). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, No. No. 10-6540, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted). Nonetheless, I am not required to read the ALJ's opinion "in a vacuum." Knox v. Astrue, No. No. 9-1075, 2010 U.S. Dist. LEXIS 28978, at *22 (W.D. Pa. May 26, 2010).

## II.     THE PARTIES' MOTIONS

First, Plaintiff asserts that the ALJ's residual functional capacity ("RFC") does not account for the practical effects of her impairments. In particular, Plaintiff objects to the RFC of sedentary work without any manipulative limitations. Plaintiff argues that the evidence shows that her osteoarthritis contributed to significant manipulative limitations.

In support of her contention that the RFC should have included at least some limitation in her hands, Plaintiff points to her testimony at the hearing and Dr. Chetlin's treatment notes. In particular, she points to his notes that she has "moderate hypertrophic degenerative-type joint changes" in her hands, and that "she can achieve fist closure with reasonable grip strength." She points to no medical opinion of record regarding manipulative limitations arising from the moderate degenerative-type changes; indeed, as the ALJ acknowledged, the fact that she could achieve fist closure with reasonable grip strength could be viewed as failing to support functional limitations. As the ALJ also noted, Plaintiff reported being able to dress, shower, cook, clean, and do laundry. The ALJ further found that a state agency consultant's opinion that Plaintiff was limited to frequent bilateral handling, reaching, fingering, and feeling were inconsistent with cited and discussed medical examination records. The ALJ clearly considered and referred to the evidence to which Plaintiff now points. Contrary to Plaintiff's suggestion, therefore, the ALJ did not fail to consider or explain her reasons for discounting pertinent evidence. It is well-settled that the presence of some record evidence favorable to Plaintiff is neither determinative of disability nor inconsistent with an ALJ's finding of no disability. Again, as stated supra, I am not permitted to reweigh the evidence; the applicable scope of review is limited. I find no error here.

Relatedly, Plaintiff asserts that the ALJ erred in her credibility assessment, in part because it failed to acknowledge Plaintiff's strong work history. An ALJ's credibility finding is

entitled to deference, because the ALJ's had the opportunity to observe the claimant. Crandall v. Astrue, No. 10-1431, 2011 U.S. Dist. LEXIS 116826, at *25-28 (E.D. Pa. Mar. 31, 2011). "'The final determination of credibility rests with the Administrative Law Judge as long as he considers all relevant factors and sufficiently explains his resolutions.' … 'the ALJ's credibility determinations should not be reversed unless inherently incredible or patently unreasonable.'" St. George Warehouse, Inc. v. NLRB, 420 F.3d 294, 298 (3d Cir. 2005) (citations omitted). As regards work history, it is certainly probative, but such history alone is not dispositive of credibility. Thompson v. Astrue, No. 09-519, 2010 U.S. Dist. LEXIS 98112, at *11 (W.D. Pa. Sep. 20, 2010). Here, the ALJ clearly was aware of, and discussed, Plaintiff's past work history; it is apparent that she considered the entire record. She found Plaintiff's subjective complaints credible solely to "the extent they can reasonably be accepted as consistent with the objective medical and other evidence," which the ALJ thoroughly considered. In this case, therefore remand is not warranted for failure to place her acknowledgment of Plaintiff's work history specifically in the context of a credibility analysis.

## CONCLUSION

In conclusion, the ALJ's decision was supported by substantial evidence. Plaintiff's Motion will be denied and Defendant's granted. An appropriate Order follows.

BY THE COURT:

_____

Donetta W. Ambrose
Senior Judge, U.S. District Court

Dated: March 7, 2019

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARY JANICE ESKEN )
) No. 17-1672
v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY

## ORDER

AND NOW, this 7th day of March, 2019, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is DENIED, and Defendant's GRANTED.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
Senior Judge, U.S. District Court